UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| Emilio Morales ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| V. ) | CIVIL ACTION |
| ) | NO._____ |
| *Michael Chertoff*, as Secretary of the Department ) | |
| of Homeland Security; ) | |
| *Emilio T Gonzales*, Director of U.S. Citizen and ) | |
| Immigration Services; ) | |
| *Robert S. Muller*, Director of Federal Bureau of ) | |
| Investigation ) | |
| ) | |
| Defendants ) | |
| ) | |
| _____) | |

### PLAINTIFF'S ORIGINAL COMPLAINT
### FOR WRIT IN THE NATURE OF
### MANDAMUS & DECLARATORY JUDGEMENT

NOW come the Plaintiff, Emilio Morales, by and through Pro Se, in the above-captioned matter, and hereby states as follows:

1. This action is brought against the Defendants to compel action on the clearly delayed processing of a N-400 Application for Naturalization filed by the Plaintiff, Emilio Morales. The application was filed and remains within the jurisdiction of the Defendants, who have improperly handled and delayed processing the application to Plaintiff's detriment.

### PARTIES

2. Plaintiff, Emilio Morales, resides at 3803 Darwin Dr Apt 204, Fremont, CA., alien number A075-820-181, is the primary applicant of a N-400, Application to Naturalization, filed with the USCIS on July, 2004.

1

3. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC § 1103(a). More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of applications for naturalization filed pursuant to the Immigration and Nationality Act (INA). The U.S. Citizenship & Immigration Services is an agency within the Department of Homeland Security to whom the Secretary of the Department of Homeland Security's authority has in part been delegated, and is subject to the Secretary of the Department of Homeland Security's supervision.

4. Defendant Emilio T. Gonzales is the Director of the U.S Citizenship & Immigration Services (USCIS) and an official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here. 8 CFR § 103.1(g)(2)(ii)(B).

5. Defendant Robert S. Mueller, III, Director of Federal Bureau of Investigations (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the Department of State. As will be shown, Defendant has failed to complete the security clearances of Plaintiff's case.

## JURISDICTION

6. This is a civil case action to compel officers of the United States to perform their duties. This court has Jurisdiction in this case under 28 USC §§ 1391 and 1361(Action in the nature of Mandamus), 5 USC §701 et seq.(Administrative Procedure Act), and 28 USC §2201 et seq. (Declaratory Judgment Act). Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers of the United States in their official capabilities, brought in the District where Plaintiff resides and where the United States Citizenship & Immigration Services conducts business. Plaintiff is a resident of the Northern District of California and Defendant USCIS is an agency which operates in this district.

## EXHAUSTION OF REMEDIES

8. The Plaintiff has exhausted his administrative remedies. The Plaintiff has supplied the USCIS and FBI documents that clearly establish his eligibility to become a naturalized

2

citizen.

## CAUSE OF ACTION

9. Plaintiff is a lawful permanent resident of the United States and properly filed an application for naturalization with the United States Citizenship and Immigration Services ("USCIS") on July 2004. Attached hereto as **Exhibit A** in an acknowledgement document by the USCIS.

10. Plaintiff has already been through 1 Fingerprinting processes on September, 2004.

11. On November 15, 2004, plaintiff met with the INS officer, Zielinski, for the naturalization interview at USCIS's Indianapolis office. The plaintiff passed the tests of English language proficiency and demonstrated his knowledge of U.S. history and government. Attached hereto as **Exhibit B** in an acknowledgement document by the USCIS. It was indicated to Plaintiff that the USCIS had submitted a "name check" request to the National Name Check Program Section of the Federal Bureau of Investigation, and, due to the delay in the background check, the officer could not make a final decision in the Plaintiff's case.

12. Since March, 2005, Plaintiff has been contacting USCIS about his case status at least once every three months to figure out why the processing of the case has been delayed and has received no definitive responses or relief.

13. Using the InfoPass system, the plaintiff had made contact with the Immigration and Naturalization Service in person, at the Indianapolis office, to find out why his case is pending. The INS officer indicated to plaintiff that his case was pending due to the FBI background check.

14. On April 05, 2006, plaintiff contacted the USCIS to inform the agency of the plaintiff's change of address and an update about the plaintiff's case. The USCIS informed the plantiff that the case was still pending due to the background check. Attached hereto as **Exhibit C**.

15. On July, 2006, plaintiff sent a letter to Office of the Citizenship and Immigration Services Ombudsman to start a formal inquiry in the case delay due to the processing of the background check. CIS Ombudsman and USCIS replied to plaintiff's letter to inform of the case delay due to the background check. However, no definitive date was given to plaintiff to resolve the case. Attached hereto as **Exhibit D and E**.

16. On February 13, 2007, plaintiff met with Cara Jobson, Attorney at Law, from the Ark, Wiley & Jobson Corporation, in San Francisco. In this meeting, Plaintiff agreed for one last appeal to the U.S. Attorney in San Francisco requesting to look into the Name Check Clearance on behalf of the Plaintiff and ask the FBI to expedite his Clearance. To which

3

the U.S. Attorney have not replied back to the Plaintiff or the Law Firm. Defendants have shown no signs of assistance in anyway shape or form to assist in the Plaintiff's issue. Defendants have truly no interest in adjudicating the Plaintiff's case anytime soon. Attached hereto as **Exhibit F** is the agreement contract between the attorney and Plaintiff.

17. The Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law. (a) Specifically, Plaintiff Emilio Morales has been unable to obtain Naturalization as a citizen of the United States. (b) Plaintiff Emilio Morales, currently employed as a Sr. Research Associate by Gilead Sciences and graduate student at Golden Gate University, have tried to contact the Defendants to assist in expediting his Name Check clearance to no avail.

18. The Defendants, in violation of the Administrative Procedures Act, 5 USC §1446, are unlawfully withholding action on the Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regards to the Plaintiff's case.

19. Though the role of Defendants is pivotal in securing the civilians of the United States of America from people planning to do harm on American soil, the Defendants actions in adjudicating the Plaintiff's case have clearly gone beyond the 120 days after it conducted a naturalization examination. Accordingly to regulations, USCIS must make a determination on a naturalization application pursuant to 8 U.S.C. § 1446 within 120 days after it conducts a naturalization examination. 8 U.S.C. §1447 (b). Thus, Defendants have failed to adhere to their own regulations.

20. The defendants have failed to properly adjudicate this petition. They have failed to adhere to their own regulations and have improperly delayed the processing of the Plaintiff's N-400 Application after the Plaintiff had submitted a properly executed application. It has been 36 months since the Plaintiff filed the N-400 application for naturalization and 30 months after the Plaintiff attended the interview and naturalization examination.

21. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements and complete the processing procedures. The Plaintiff has done everything to get his case Adjudicated but the Defendants have clearly not given the Plaintiff any form of relief.

22. Defendants' delay in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have inappropriately refused to adjudicate the petition, thereby depriving Plaintiff of the rights that he is entitled.

## PRAYER

23. WHEREFORE, in view of the arguments and authority noted herein, the Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due

consideration, the Court enter an order:

    (a)    requiring Defendants to properly adjudicate Plaintiff's application for action on an approved petition;

    (b)    requiring Defendants to provide the Plaintiff with a Notice of Approval;

    (c)    granting such other relief at law and in equity as justice may require.

Respectfully Submitted,

*[signature]* 05 Jn 07
Emilio Morales
**PRO SE**
3803 Darwin Dr.
Apt 204, Fremont CA 94555
Telephone (510)797-4951
emiliomrls@yahoo.com

5

U.S. Department of Homeland Security
USCIS
630 Sansome Street
San Francisco, CA 94111



**U.S. Citizenship and Immigration Services**

Friday, April 7, 2006

EMILIO MORALES
1019 CAMELLIA DR
ALAMEDA CA 94502

Dear EMILIO MORALES:

On 04/05/2006 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Caller indicated they are:** | The applicant |
| **Attorney Name:** | Information not available |
| **Case type:** | N400 |
| **Filing date:** | 07/17/2004 |
| **Receipt #:** | |
| **Beneficiary (if you filed for someone else):** | MORALES, EMILIO |
| **Your USCIS Account Number (A-number):** | |
| **Type of service requested:** | Case Status - Outside Processing Time |

The status of this service request is:

The processing of your case has been delayed. A check of our records establishes that your case is not yet ready for decision, as the required investigation into your background remains open.

Until the background investigation is completed, we cannot move forward on your case. These background checks are required to be completed on all applicants who apply for the immigration benefit you are seeking. We will make every effort to make a decision on this case as soon as the background checks are complete. If you do not receive a decision or other notice of action from us within 6 months of this letter, please contact us by calling our customer service number provided below.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember: By law, every person who is not a U.S. citizen and who is over the age of 14 must also notify the Department of Homeland Security within 10 days from when they move (persons in "A" or "G" nonimmigrant status are exempt from this requirement). If you have moved, please complete a Form AR-11 and mail it to the address shown on that form. If you do not have this form, you can download it from our website or you can call the National Customer Service Center at 1-800-375-5283 and we can order one for you. If you move, please call us with your new address information as soon as your move is complete. If you have already called us and given us this information, you do not need to call again.

U.S. Citizenship and Immigration Services

US CIS - 04-07-2006 04:26 PM EDT

U.S. Department of Justice
Immigration and Naturalization Service

**Naturalization Interview Results**

---

A# _____

On __Nov 15, 2004__, you were interviewed by INS officer __Zelinski__.

- ☑ You passed the tests of English and U.S. history and government.
- ☐ You passed the test of U.S. history and government and the English language requirement was waived.
- ☐ The Service has accepted your request for a Disability Exception. You are exempted from the requirement to demonstrate English language ability and/or a knowledge of U.S. history and government.

- ☐ You will be given another opportunity to be tested on your ability to _____ speak / _____ read / _____ write English.
- ☐ You will be given another opportunity to be tested on your knowledge of U.S. history and government.

- ☐ Please follow the instructions on the Form N-14.
- ☐ INS will send you a written decision about your application.

- ☐ You did not pass the second and final test of your _____ English ability / _____ knowledge of U.S. history and government. You will not be rescheduled for another interview for this N-400. INS will send you a written decision about your application.

A) _____ **Congratulations! Your application has been recommended for approval.** At this time, it appears that you have established your eligibility for naturalization. If final approval is granted, you will be notified when and where to report for the Oath Ceremony.

B) __✓__ A decision cannot yet be made about your application.
   __A-File & Pending name check__

It is very important that you:
- ✓ Notify INS if you change your address.
- ✓ Come to any scheduled interview.
- ✓ Submit all requested documents.
- ✓ Send any questions about this application in writing to the officer named above. Include your full name, A-number, and a copy of this paper.
- ✓ Go to any oath ceremony that you are scheduled to attend.
- ✓ Notify INS as soon as possible in writing if you cannot come to any scheduled interview or oath ceremony. Include a copy of this paper and a copy of the scheduling notice.

N-652 (Rev. 12/7/99) Y

EMILIO MORALES
1019 CAMELLIA DR
ALAMEDA, CA 94502

Received Date:    05-APR-06
Notice Date:    11-APR-06
Applicant Name:    EMILIO MORALES
Alien Number:
Main Phone #:    317-363-5871
Second Phone #:

Dear Applicant:

We have processed your change of address request and updated our systems to include your new address. Future correspondence from USCIS regarding your application will be sent to the mailing address on this notice.

**Mailing Address**
1019 CAMELLIA DR
ALAMEDA, CA 94502

**Residence Address**
1019 CAMELLIA DR
ALAMEDA, CA 94502

Thank you for using our new change of address by phone system. It is one of several new services that the USCIS is offering to improve the naturalization process and increase the satisfaction of our customers.

Internal Use Only: Call Number: 210337301

Form I-797C (Rev. 01/31/05) N

U.S. Department of Homeland Security
Washington, DC 20528



U.S. Citizenship
and Immigration
Services

HQCIS 181/48.2-C

JUL 2 0 2006

Mr. Emilio Morales
1019 Camellia Drive
Alameda, CA 94502

Dear Mr. Morales

Thank you for your letter to U.S. Citizenship and Immigration Services (USCIS), Ombudsman Office. Your letter concerning your immigration status was assigned USCIS case # 541860 and forwarded to the Customer Assistance Office for a response.

The processing of your case has been delayed. A check of our records establishes that your case is not yet ready for decision, as the required investigation into your background remains open. Until the background investigation is completed, we cannot move forward on your case. These background checks are required to be completed on all applicants who apply for the immigration benefit you are seeking. We will make every effort to make a decision on this case as soon as the background checks are complete. If you do not receive a decision or other notice of action from us within 6 months of the date of this letter, please contact customer service at 1-800-375-5283.

We trust that this information is helpful.

Sincerely,

Robert A. Fenwick, Supervisor
Customer Assistance Office
Department of Homeland Security
U.S. Citizenship and Immigration Services

Enclosures: Fact Sheet, "Immigration Security Checks—How and Why the Process Works"

www.uscis.gov



*Office of the*
*Citizenship and Immigration Services Ombudsman*

U.S. Department of Homeland Security
Mail Stop 1225
Washington, D.C. 20528-1225

# Homeland Security

July 6, 2006

Mr. Emilio Morales
1019 Camellia Drive
Alameda, California 94502

Dear Mr. Morales:

Thank you for your recent inquiry regarding your immigration issue.

Upon receipt of your information, the office of the Citizenship and Immigration Services Ombudsman (CIS Ombudsman) initiated a formal inquiry with the U.S. Citizenship and Immigration Services (USCIS). USCIS should issue a response to you within forty-five (45) days. If you do not receive a response within this period, please notify our office.

Please be aware that although the office of the CIS Ombudsman collaborates with USCIS, it is an independent entity within the Department of Homeland Security (DHS). The office of the CIS Ombudsman is charged with assisting individuals who experience difficulties with the USCIS benefits process. Additionally, the office of the CIS Ombudsman is dedicated to identifying systemic problems in the immigration benefits process, and to recommending solutions to USCIS. Therefore, the concerns you raised in your letter will be considered as our office develops recommendations to improve USCIS' administrative practices.

Once again, thank you for contacting the office of the CIS Ombudsman, and for giving us the opportunity to serve you.

Sincerely,
Prakash Khatri
Ombudsman

PIK/bih

Email: cisombudsman@dhs.gov                    Web: http://www.dhs.gov/cisombudsman

**ARK, WILEY & JOBSON**
A PROFESSIONAL CORPORATION

703 MARKET STREET, SUITE 401
SAN FRANCISCO, CA 94103
415.627.9161 Phone
415.896.2892 Fax

Thipphavone P. Ark
Joye L. Wiley
Cara Jobson

*Attorneys at Law*

## Retainer Agreement

The following Agreement is made between Ark & Wiley, A Professional Corporation ("Attorney," or "the Firm"), and Emilio Morales ("Client"). The Firm agrees to render services, and the Client agrees to make payment for said services, as follows:

FEE AGREEMENT

1. In return for the compensation listed below, Attorney agrees to perform the following service(s):

Letter to U.S. Attorney regarding mandamus suit; file mandamus suit against DHS if necessary.

2. As a compensation for the above-described services, client agrees to pay a fee of $1,000.00 for the letter to the U.S. Attorney; $3000 additional if mandamus suit necessary.

   Payment will be made as followed:

   A. Initial payment of $1000.00
   B. Additional payment(s) per month: $500 per month
   C. ____Balance due

   Does not include filing fees with CIS or other agency.

OTHER INCIDENTAL SERVICES:

3. This retainer does not include additional work upon completion of the above-referenced services in paragraph 1. For example, this retainer does not include subsequent applications for residence after grants of asylum; subsequent petitions for additional family members; or other work that may follow after completion of the above referenced services.

4. This retainer does not include subsequent appeals to the BIA, AAO or to Federal court.

## ADMINISTRATIVE COSTS-5%

Extensive administrative costs are incurred by the Firm in every case. These costs may include: Lexis research, photocopying and reproduction; postage; travel; parking; overnight courier; long-distance telephone calls; collect calls. These costs are beyond the time spent providing legal advice or representation. You should anticipate approximately 5% of the total retainer in additional administrative costs to be added to your bill, as they are incurred. Receipts can be provided if necessary.

Therefore, you should anticipate approximately _NA__ of administrative costs to be charged to your bill to be paid upon receipt. The actual amount may be less, and will only be charged as the Firm incurs these costs.

## INTEREST ON OUTSTANDING BALANCE

If I have a payment agreement, payments for services are due and payable to Attorney within fifteen (15) days after receipt of my bill. If any payment is not made when it is due under this contract, I agree to pay a late charge on the unpaid balance at the rate of fifteen percent (15%) per year until the balance is paid. Unpaid balances more than 90 days after completion of service or other agreed upon deadline for final payment will be referred to a collections agency.

## DELINQUENT PAYMENTS

Returned checks not honored by the bank will be assessed a $15.00 fee. The Firm can require future payments by money order, cashier's check or cash. Client understands that if payments are not made according to the terms of this Agreement, the Firm may discontinue work on the case. In case of repeated delinquent payments or non-compliance, the Firm reserves the right to withdraw from the case.

## CURRENT CLIENT INFORMATION AND CLIENT COOPERATION

Client agrees to keep the Firm informed of changes in address and telephone number. If the Firm is unable to contact client, we may withdraw from the case.

Client agrees to provide documentation and paperwork as requested by Attorney, and appear for appointments for case preparation as required. If the Firm is unable to prepare client's case because of lack of client's cooperation, the Firm can withdraw from the case.

In addition, if Client incurs criminal violations or commits other acts that further complicate Client's case, the Firm can require that this contract be amended or can withdraw from Client's case.

February 13, 2007

### NO GUARANTEED OUTCOME

Attorney agrees to apply due diligence and care in fulfillment of her duties. However, it is agreed that the Attorney has not made any guarantee with regard to the successful outcome of the case or the time in which to complete the case. Further, the Attorney cannot be responsible to unforeseeable events such as changes in Immigration laws or policy, arbitrary acts by the Department of Homeland Security, Immigration Judge, or Board of Immigration Appeals.

### CLIENT FILES DESTROYED AFTER FIVE YEARS

The Firm will retain a copy of Client's file in the office for a period of five years after completion of work. After that time, the file may be destroyed. Client will be provided ongoing copies of filings and submissions made on Client's behalf during the course of representation. The Firm will provide a copy of the entire file at the end of representation if the Client requests it.

The Attorney will do our best to serve you and hope you will be satisfied with our work.

ARK & WILEY, A PROFESSIONAL CORPORATION

By: _____
J. Wiley, President
T. Ark, Secretary
C. Jobson, VP

_____
Client

Dated: 2-13-07

**PERMANENT RESIDENT CARD**





AME MORALES, EMILIO
INS A#
Birthdate   Category   Sex
              F29        M
Country of Birth
Mexico
CARD EXPIRES 01/12/09
Resident Since 09/08/98

```
C1USA0758201819LIN9901350759<<
7208311M0901129MEX<<<<<<<<<<1
MORALES<<EMILIO<<<<<<<<<<<<<<
```