SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILIO MORALES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL CHERTOFF, as Secretary of the Department of Homeland Security;<br>EMILIO T. GONZALEZ, Director of the U.S. Citizen and Immigration Services;<br>ROBERT S. MULLER, Director of Federal Bureau of Investigation,<br><br>　　　　　　Defendants. | No. C 07-2991 MJJ<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT; REQUEST TO VACATE CASE MANAGEMENT CONFERENCE; and PROPOSED ORDER** |

**1. Jurisdiction and Service**

The basis for this Court's jurisdiction is 8 U.S.C. § 1447(b), which provides that if the United States Citizenship and Immigration Services (USCIS) has failed to make a determination on an individual's application for naturalization within 120 days after the date on which the applicant is examined, the applicant may apply to the United States District Court for a hearing on the matter. The District Court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b); *United States v. Hovsepian*, 359 F.3d 1144, 1160 (9th Cir. 2004); *Zhai v. USCIS*, 2004 WL 1960195 (N.D. Cal. 2004). The parties do not dispute that venue is proper in this district. No issues exist regarding

1   personal jurisdiction or venue, and no parties remain to be served.

2   **2. Facts**

3   The plaintiff is a lawful permanent resident of the United States who filed an application for
4   naturalization with USCIS and was interviewed on November 15, 2004. The USCIS has not yet
5   adjudicated the plaintiff's naturalization application.

6   **3. Legal Issues**

7   1. Whether the USCIS or this Court may adjudicate a naturalization application before all of
8   the necessary background checks of the applicant have been completed.

9   2. Whether this Court may compel the FBI to complete the necessary name check in a timely
10  manner.

11  3. Whether this Court may compel the USCIS to adjudicate a naturalization case within a
12  certain time frame when the CIS has failed to make a decision within the statutory 120-day period
13  after the date of the initial examination of the application.

14  **4. Motions**

15  The defendants will file a motion asking this Court to remand this matter back to USCIS with
16  instruction to adjudicate the application for naturalization promptly upon receipt of the FBI
17  background check.

18  **5. Amendment of Pleadings**

19  No parties, claims or defenses are expected to be added or dismissed.

20  **6. Evidence Preservation**

21  The parties do not have any evidence that falls within this category.

22  **7. Disclosures**

23  The parties believe that the initial disclosure requirements of Fed. R. Civ. P. 26 do not apply to
24  this case.

25  **8. Discovery**

26  The parties do not intend to take any discovery in this case at this time.

27  **9. Class Actions**

28  N/A

**10. Related Cases**

The parties are not aware of any related case or cases.

**11. Relief**

The plaintiff asks this Court to direct defendants to adjudicate his application for naturalization.

**12. Settlement and ADR**

The Court granted the parties request to be exempt from the formal ADR process on September 28, 2007.

**13. Consent to Magistrate Judge for All Purposes**

The parties will not consent to the assignment of this case to a magistrate judge.

**14. Other References**:

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties do not believe that the issues can be narrowed by agreement or by motion, and do not have suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims or defenses.

**16. Expedited Schedule**

The defendants believe this case can be resolved on their motion to remand.

**17. Scheduling**

The parties propose the following schedule on the defendants' motion to remand.

| | |
|---|---|
| Defendants' Motion to Remand: | November 6, 2007 |
| Plaintiff's Opposition: | November 20, 2007 |
| Defendants' Reply: | November 27, 2007 |
| Hearing: | December 11, at 9:30 a.m. |

**18. Trial**

The parties request that this Court set a date for an evidentiary hearing should the matter not resolve through motions.

Joint Case Management Conference Statement
C07-2991 MJJ                3

**19. Disclosure of Non-Party Interested Entities or Persons**:

The Plaintiff intends to file the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

**20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter**

The parties respectfully ask this Court to vacate the case management conference, currently scheduled for October 16, 2007, in light of the fact that the parties have agreed on a schedule for the defendants' motion to remand, and will ask the Court to set a further case management conference if and when the Court denies the defendants' motion to remand.

Dated: October 9, 2007                    Respectfully submitted,

                                          SCOTT N. SCHOOLS
                                          United States Attorney


                                          _____/s/_____
                                          ILA C. DEISS
                                          Assistant United States Attorney
                                          Attorneys for Defendants


Dated: October 9, 2007                    _____/s/_____
                                          TRICIA WANG
                                          Attorney for Plaintiff

**CASE MANAGEMENT ORDER**

The Joint Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.

Further, the case management conference is vacated.

Dated:                                    _____
                                          MARTIN J. JENKINS
                                          United States District Judge